Case No. 16-1015, Erie Boulevard Hydropower, LP Petitioner v. Federal Energy Regulatory Commission Mr. Lavenbouk for the petitioner, Ms. Rylander for the respondent, Mr. Brody for the intervener Mr. Lavenbouk, good morning Good morning. May it please the Court, Ariel Lavenbouk for the petitioner. I've asked to reserve two minutes for rebuttal In our briefs, we've set forward a number of independent reasons why the orders on review can't stand But today, subject to the Court's questions, I'd just like to focus on the two most straightforward ones First, the Commission still does not acknowledge, let alone explain, its departure from its 2012 order A final order that both granted credits to Erie and expressly rejected the District's attempts to later, quote, Second, having disregarded its own final order in 2012, the Commission ended precisely what its regulations and other prior orders forbid It gave effect to a settlement that it had never approved So turning to the first issue, in 2012, after a three-year investigation, the Commission retroactively determined Erie's headwater benefits liabilities to the penny In paragraph 44 of its July 2012 order, the Commission then held that, quote, To the extent that any downstream project owner made payments exceeding those amounts, those overpayments equitably should be offset against future charges When it determined that amount, was it by use of the general rule? No, it was not. Well, yes, in 2012, it was by use of the general rule that it determined those obligations that are set forth in the 2012 order Now, having set forth what those numbers are, in the paragraphs, in the five paragraphs following the one that I just quoted, which is paragraph 44 The Commission then laid out exactly how those credits should be calculated In paragraph 47, it even gave an example of how to do the very simple math equation that it ordered Now, during the investigation that led to that order, the District had asked the Commission to defer consideration of whether and how credits would be granted And it purported to, quote, expressly reserve the right to raise any legal or equitable grounds for limiting the extent of such credits But in paragraph 30 of the 2012 order, which you'll see at JA-409, in plain, unambiguous language, the Commission expressly rejected that reservation This is what it wrote, quote, This determination, that is, the determination of to whom credits were due and how they would be calculated, quote, must be made in the present order That's paragraph 30 and the underlying text preceding it, and it could not be clearer The Commission then ordered But they said we can't determine how much anybody owes until we go through this credit process, this calculation process And then once we do that, it said in paragraph 45 that we need, essentially, there needs to be a process now by the Commission, which you seemed happy to go through That said, because some companies may have already obtained refunds from the District through court action or other means Doesn't that leave the door open for exactly what happened here? It does not, Your Honor You accurately quoted the order It says, here is how you should calculate credits So it makes two determinations It says, one, all downstream project owners are entitled to credits And two, it says, here's how you figure out what those credits are And then it says, specifically, what the open information is And the only piece of open information is, did you get refunds or was money that a downstream project owner already paid to the District, was that already returned? That's it Now, to be clear, what we saw in July of 2012 came after a six-month period where a preliminary draft had already been distributed to the parties So the parties already knew what was coming in that order And the District wrote a letter that you see at J428 And they said, please hold off Please don't determine any of these things right now We may want to raise some reason for limiting this besides the refunds No, but they also said, look, the amounts that have been paid There's open information Amounts that have been paid are not a matter of record in this case in 45 And so that's why it said refunds or other legal actions or other means I mean, it was leaving open the ability to inquire into whether there were reasons to change what these payments were That there's already been things have happened They don't know about it They can't foreclose it And so they're just leaving open the door to figure out, fine, we did our math Here's what it should have been Now, what will equitably need to be done to adjust past payments has yet to be determined With respect, Your Honor, it is true that they left open what the numbers are in the simple math equation that they ordered But more than that, more than that, more than whether whether those how those numbers should be enforced Because part of what those numbers are could be affected by whether there had already been prior litigation affecting those amounts Well, Your Honor, I don't think anyone disputes that there was no refund paid here And that there was no money that had been collected that was returned, which are the phrases that the commission uses Not once, but it uses them at least a half a dozen times, not only in the paragraphs from 44 to 49 But then the commission actually orders the parties in paragraph in the director's order Paragraph B This is specifically the information that you need to exchange And again, it goes to actual money that changed hand It doesn't go to precisely what the district rate didn't raise Which is any other legal or equitable ground for changing the equation that was proposed But they're not changing the equation here They're making a determination as to equitably what should happen Given the prior settlement agreement They're not saying that the amount of the credits changes They're just saying you've already gotten the remedy you chose in this case Well, that may be what they've said But I think our first issue is that is in conflict with what they said they were going to do in 2012 And they don't actually address the language that they use there But even I would say To be clear, forgive me, I just got a little confused in the breeze In 2012, is it your position that when they made these statements They were fully aware that there had been this settlement agreement between Erie and the commission And what it entailed? So I think the commission has spoken out of both sides of the mouth With respect to what it was aware of So, you know, in I'll let them explain that Please tell me your understanding It's my understanding that they were aware of it As it had been pointed out to them in 2007 And in fact in the 2007 order And this is the second point I was going to turn to When the commission said We don't enforce private agreements with respect to headwater benefits They were talking about this specific agreement So they absolutely had them in front of it in this proceeding But I think the more important point as regards to the 2012 order is If they didn't have it in front of them It's because the district failed to raise it The district could have raised it They could have said Before this order goes final We want you to consider this They shouldn't, they're not entitled to credits But to the extent you want to read the 2012 order As making a determination that that settlement agreement is irrelevant We have to know that they had that in mind specifically When they used the language that you're citing to us Would we not? Well, I think our contention is If it's an order that made the prior settlement irrelevant It was the 2007 order that did that Not the 2012 order Excuse me, correct The 2012 order is the order that did two operative things One, it granted credits to Erie And the second thing is it put the district on notice If you want to raise any basis for limiting these credits And the refund equation that we proposed Speak now or forever hold your peace And the district didn't do that And the commission still hasn't addressed that Maybe the commission had some reason For belatingly letting them make this point But since they haven't acknowledged that They haven't given us this reason But Judge Millett, to go to your point With respect to the commission's actions In saying that this order should not be relevant To this determination Again, I point this court to paragraph 35 of the 2007 order Which is at JA 835 And this is what they wrote The commission held that the very settlement at issue here Quote, was not submitted to the commission for approval And does not reflect a commission determination Of the charges Erie should pay And then it made clear in paragraph 53 Which is at JA 839 That quote, it is not for the commission To enforce the representations Made by the parties and settlement provisions It hasn't approved Now contrast that with what the commission Has said in this very court That it did in the orders that are on review This is what it says on page 2 of its brief They held that the 2006 settlement Quote, governed Erie's headwater benefits liability For the years 2002 through 2008 You can't square those two things In 2007, speaking about this very settlement They said, this does not reflect A determination of what you should pay Can I just ask you a kind of macro question? Yeah, yes please If the commission were to order That the district had to give these offsetting credits What remedy does the district have For losing its part of the bargain In the settlement agreement? Well, I think that in the commission determination Granting those credits The district may well have objected and said You shouldn't grant these credits If you were to prevail What could the district do? Because at that point The quid pro quo of the prior settlement agreement They've lost the quid And you guys still have all your benefits Including the reservoir operating agreement So what's their remedy? Well, your honor, there may not be a remedy But the reality is when parties sleep on their rights Sometimes they're not satisfied with the outcome Well, I don't think they would have slept on their rights Because they wouldn't have lost Their half of the consideration Unless and until if this court were to Say that they got it wrong So I don't think they've slept on any rights I'm sorry, your honor Perhaps I misinterpreted your question If this court remands And the commission makes a new determination With respect to credits I think in that litigation There would be a dispute over For example, collateral estoppel And whether the fact that the district's failure To appeal in 2007 The order that said the commission doesn't approve this Or its failure to appeal Or even seek rehearing in 2012 I wasn't injured by that decision back then It clearly hasn't been injured by the commission The commission hasn't taken away The value of its settlement agreement Up to this point now Now your position is that the law requires The commission to take the quit away From that agreement And so I'm just trying to figure out Is this so you guys get your cake and eat it too You get all these credits And you still get to keep all your part Of the bargain under the settlement agreement Or do you lose your bargain Under the settlement agreement? You know, it's not our contention That the entire settlement agreement For instance, becomes void Because all we're talking about Is the intersection of federal law With a certain part of the settlement agreement Not a certain part It's the entire It's what they got in that settlement agreement Right? You guys got these benefits Under this Reservoir Operating Agreement And continue, if I'm correct, until 2021 Yeah, yes, Your Honor All right And so they're going to be bound by all that But what you were supposed to give them Which was, we accept how much we've paid We will not litigate it We will not dispute it You get to keep your The $7 million difference That you're fighting around here You get to keep that Just go on Yes, Your Honor That is the outcome here But again, I would point the Court To what happened in 2007 In 2007, excuse me, really in 2006 Not months after this agreement was signed Erie intervened in this proceeding Erie intervened in Albany's action To seek a declaration That federal law preempted state law And it was in the course of that intervention That the District said No, no, no, 2006 settlement You guys made an agreement You wouldn't challenge any of these Any of these assessments And the Commission ruled in our favor And said, no, federal law trumps We did not approve this agreement So it's not binding on actions before They didn't appeal that As to prospectivity But at that point You had a final, closed, unappealed State court judgment Adopting that settlement agreement Making it, like I said, a final, unappealed Order of a court You guys had never appealed And never challenged And there's precedent from this court That says whatever preemption There might be that applies prospectively Doesn't go back and unravel Final, closed state court judgments So they wouldn't have been unnoticed To challenge anything I think my point is a more limited one In the Albany proceeding There were two different issues going on In front of the Commission The first one is Albany's argument With respect to preemption But the second was, among other things The District objected To ERIE participating in this And the Commission dealt with Both of those at the same time And the Commission made a determination That ERIE was entitled To be before the Commission With respect to headwater benefits assessments Not only going forward But headwater benefits assessments Beginning with when the license was issued Can you make clear Because I couldn't find in the record What you all were actually arguing In the Albany proceeding Were you specifically arguing That Albany is right And that undoes Our final, closed, unappealed Settlement agreement Were you making the argument That we're now hearing? No, I don't believe We affirmatively made that argument I think we intervened To be a party to the proceeding With respect to whatever Commission determinations Sure, but so what did you argue Should be the outcome as to What did ERIE argue That the outcome should be As to it with Given the settlement agreement What notice did you give The District? I'm sorry, Your Honor I may not recall correctly So I don't want to misspeak If I recall correctly We didn't make Any affirmative representations With respect to the settlement This came up with the shoe On the opposite foot The District invoked the settlement And said, you have no business Being here at all Because your assessments Have already been set By this agreement And it was in the context Of rejecting that assertion By the District That the Commission made the ruling And the language that I've quoted And again, it was the District's Failure to appeal that Because remember, we're not just Now talking about the order We're talking about a regulation The regulation says Is it possible for you all To provide us with a copy of What you all submitted In the Albany case? Absolutely, if it's not In the record right now We could certainly go Or if it is, I missed it In the record, thanks All right, we'll give you A couple minutes to reply Thank you, I appreciate it Ms. Rylander Good morning May it please the Court Elizabeth Rylander For the Commission The heart of Erie's case here Seems to be that The District's expectations In 2012 Were not satisfied In 2015 But as the Court seems To have discerned correctly Erie and the District Settled the issue Of payments For the early years In which FERC had jurisdiction Over the dam And the lake By signing a settlement And getting it approved By a State Court judge In 2006 That settlement Broadly released Any claims That Erie might have In the future And FERC reasonably Held the parties To the bargain They struck In that settlement How do you Get around their argument That you had no business Giving any legal Relevance to That settlement agreement Given that it wasn't Approved by the Commission The settlement didn't Have to be approved Your Honor Because it was not A settlement made Before FERC This is The settlement was made   Of State law It resolved State litigation And it was submitted To It was submitted to FERC nearly as In response to FERC's interest In the settlement And the settlement It was submitted   FERC's Inquiry as to What money Had changed hands So in 2012 When FERC was examining Who had paid Who had paid money To the district To satisfy State law Headwater benefits Assessments This piece of evidence Came to FERC To say that For these years 2002 to 2009 Erie and the district Had a prior agreement And that both parties Were already By the time Of this decision The Commission isn't Just saying That's interesting The Commission is saying The existence of that Settlement Has such consequence In our decision making That we are going to Enforce it as the Equitable resolution Of this case Is it How does that intersect With the Your Regulation 602 With Regulation 602 Your Honor Rule 602 does not Actually apply in this case Because Rule 602 Applies to settlements That are made Before the Commission Had the parties Reached a settlement Before the Commission In response to the Remand orders In 2009 Or had the parties Reached a settlement Before the Commission When asked to Individually contact The district And establish Who had paid what To whom That might have Fallen under Rule 602 But this 2006 Settlement Was made  Before a state judge And it was not Anything that FERC ever passed on You all said The Commission said In 2007 You heard them Quote It's not for the Federal settlement Provisions Over which The Commission Has no authority But didn't Isn't that Effectively What the Commission Did here Was give effect To And imprimatur to And legal consequence To that settlement Agreement FERC respected The bargain That was made I'm Erie's counsel Represents that FERC submitted Something in paragraph 35 But paragraph 35 Just explains the Result I'm sorry Paragraph 35 With that 2007 Order Paragraph 35 Just explains That That the 2006 Settlement Resolved state Law issues And doesn't Doesn't speak to What FERC's Responsibilities are Or to what What FERC Ended up doing In the future Under section 10th Of the Federal Power Act Well but you do Say it doesn't Reflect the Commission determination Of what Erie Should be paying Right No it doesn't It does not Reflect the Commission determination Of the charges That Erie should Pay under section 10f Which is a Whole different Analysis than What the state Charged Erie Under its own Law The New York's Environmental Conservation Law And the Federal Power Act Say completely Different things So FERC Acknowledged in This paragraph That the parties Had settled This issue Under the Environmental Conservation Law But it did Not settle Or even begin To address What the Federal Power Act Analysis Might produce And in fact The Federal Power Act Analysis Did produce Very different Numbers Or we Wouldn't all Be here Today You just said It didn't Determine the Numbers And then The numbers Were very Different From what The state Charged Headwater Benefits Under state Law For many Years And that's Federal Power Act Section 10f Following This court's Decision In Albany Engineering Federal Power Act Section 10f Became the Only applicable Authority Under which Headwater Benefits Assessments Could be Made However This prior Settlement Had spoken To the issue Of Headwater Benefits But not As FERC Is required To administer Its own Statute The 2006 Settlement Speaks to Headwater Benefits As the State of New York Was administering Its own Statute Prior to This court's Preemption Finding So they're Really not The same Thing It is Possible And I Think Petitioner's Briefs Reflect Some Confusion On This Fact It is Possible For Parties To Resolve The Issue Of Headwater Benefits Under Section 10F By Settlement That's in FERC's Regs Section 11.14 That would Be subject To Rule 602 Yes That is Not what Happened Here It could Have Happened Following This Court's Preemption Finding But it Did not Happen I thought I heard You say That the Commission Didn't Determine What Would be Due Under Say The General Rule Oh yes Your Honor The Commission Did Determine That And then Decided Not To Require The Parties To Implement That The Commission's Orders Are Titled Orders  Dates So  The Commission Did Was Determine Every Downstream Beneficiary's Liability Under Section 10F And Then It Established The Date On Which Prior Payments To The District Would Fully Offset The Federal Benefits Going Forward At What Point The Downstream Beneficiaries Did Not Already Have Credit As It Was Not Fully Resolved The Issues Of State Law Headwater Benefits For Those Years And As Judge Pointed Out Earlier In This Argument There Is A Package Of Bargain For Exchange And The  Law And The Federal Rule Would Have Required If Applied And Decided As A Matter Of Equity Not To Apply To Say Because The Parties Will Stand By And The Law  The Federal Rule Would Require If  And Decided As A Matter Of Equity Not To Apply To Say Because The Parties Will Stand By And The Federal Rule Would Require If  Decided As A  Of Equity Not To   Not To Apply To    Parties Will Stand By And The Federal Rule Would Require If Decided As A Matter   Not    Parties Will Stand By And The Federal Rule Would Require If Decided As A Matter Of Equity Not To Apply To Parties Will Stand By And   Rule Would Require  Decided As A Matter Federal Rule Would Require Decided Of Equity Not To Parties    And The Federal Rule Would Require Decided As A Matter Of Equity Not To Parties Will Stand And The Federal Rule   Decided As A Matter Federal Rule  As A Matter Of Matter Of Equity Not  Parties Will Stand
judges: Henderson, Millett, Ginsburg